**UNITED STATES of America,
Appellee,**

v.

**Roderick BONITO, Defendant–
Appellant.**

**No. 13–2633.**

United States Court of Appeals,
Second Circuit.

Sept. 17, 2014.

Michael O. Hueston, Brooklyn, NY, for Appellant.

Daniel S. Silver (Amy Busa, on the brief), for Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: DENNIS JACOBS, CHRISTOPHER F. DRONEY, Circuit Judges, LEWIS A. KAPLAN, District Judge.*

### *SUMMARY ORDER*

Roderick Bonito appeals from the judgment of the United States District Court for the Eastern District of New York (Ross, *J.*), convicting him of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii) and 846, and possession of a firearm in furtherance of that offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). On appeal, Bonito argues that the sentence was substantively and procedurally unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review sentences for reasonableness, *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir.2011) (per curiam), which "amounts to review for abuse of discretion," *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir.2008) (en banc). This concept applies to both " 'the sentence itself' and to 'the procedures employed in arriving at the sentence.' " *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir.2008) (quoting *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.2006)). "The procedural inquiry focuses primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a), while the substantive inquiry assesses the length of the sentence imposed in light of the § 3553(a) factors." *Id.* (internal citations, brackets, and quotation marks omitted).

The district court appropriately considered all of the information before it. Quite evidently, that review included the submis-

---

* The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

sions made on Bonito's behalf, because, as the record reflects, the arguments presented by Bonito influenced the district court to grant a substantial downward departure. We conclude that the district court did not abuse its discretion in its sentencing decision.

For the foregoing reasons, and finding no merit in Bonito's other arguments, we hereby **AFFIRM** the judgment of the district court.